## Hiram O. Alden *versus* Aaron Fitts.

By Rev. Stat. c. 16, a court martial had power to impose a fine, as the punishment for an offence cognizable by such court; and that power is not taken away by the militia act of 1844, c. 122.

There is no provision in the constitution of this State, which forbids the legislature to confer on courts martial the power to punish by fine.

THIS was an action, brought by the plaintiff as division ad-

vocate of the division of miltia, to recover a fine incurred by a neglect of duty by the defendant as an officer. Copies were furnished, merely, of the demurrer and joinder ; and what the declaration was, which was demurred to, does not appear. It seemed to be understood at the argument, that the defendant had been sentenced by a court martial to the payment of a fine for neglect of duty as an officer of the militia; and that the action was brought upon that record by the plaintiff, as division advocate, to recover the fine, exceeding twenty dollars in amount.

The defendant demurred to the declaration, assigning the following special causes : —

1. That the court martial at the time of its sitting, as specified in the plaintiff's declaration, had no jurisdiction of the causes and matters specified in said declaration, nor right to determine and render judgment therein.

2. That the provision of the statute which allows a court martial to impose a fine, to wit, the payment of money, for the neglect of military duty, as alleged in the declaration, is repugnant to the constitution of this State, and null and void.

3. That the declaration doth not allege, that the said court martial was duly constituted according to law.

4. That said declaration is in other respects uncertain, defective and informal.

*H. B. Abbott*, for the defendant, contended that so much of the Rev. Stat. c. 16, § 120, as authorized a court martial to impose a fine exceeding twenty dollars was unconstitutional and void. He cited and commented upon the constitution of this State, Art. 1, § 20; Rev. Stat. c. 16, § 120; Militia act of 1834, c. 121, § 37; Stat. 1837, c. 276, § 10.

2. The law was repealed before the court martial was holden, by the Stat. 1844, c. 122. The repeal of the law takes away all power to collect any fines incurred under the provisions of the act before the repeal. 11 Pick. 350; 3 Stark. Ev. 1129.

*W. G. Crosby*, for the plaintiff, said that the Stat. 1844, c. 122, had no bearing whatever upon the present question.

He cited *Rawson* v. *Brown*, 18 Maine R. 216, as conclusive against the positions taken in behalf of the defendant.

*Per curiam.* — TENNEY J. being absent, holding the Court in Washington County.

The two first causes of demurrer assigned must, in conformity with the decision in *Rawson* v. *Brown*, 18 Maine R. 216, be overruled. The statute of 1837, c. 276, § 10, has been reenacted in Rev. Stat. c. 116 ; and in reference to the doings of courts martial is not affected by the Stat. 1844, c. 122.

The third cause of demurrer was not urged upon our attention in the argument ; and must, therefore, be considered as waived.

The demurrer is overruled, and the declaration adjudged good ; and judgment is to be entered accordingly.